(45)　　　　　　　Melton v. M'Donald, adm'r.

1. To mantain an action of *detinue* for goods, the plaintiff must have the right of property in himself and the immediate right of possession;—the gist of the action being the wrongful detainer and not the original taking.
2. In setting forth the cause of action, it must be shown that the goods, &c., were the plaintiff's, and an omission to do so will be fatal, even after verdict.
3. Where the plaintiff sued as administrator, showed property in the intestate, and possession and detainer by the defendant, since the death of the intestate—held, that an action would not lie ; the possession and detainer being against the administrator in his own right.

### ERROR to St. Louis Circuit Court.

Tompkins, J., delivered the opinion of the Court.

M'Donald, as administrator of Daniel Polk, alias Pogue, sued Melton in an action of detinue for some slaves, and had judgment, to reverse which Melton sued out his writ of error.

The facts on which the verdict was found, on which this judgment was rendered, are the same as those which were the basis of the action of M'Donald v. Walton,* decided at this term, except that the acts of the General Assembly of the State of Kentucky were not given in evidence.  In this case it is not then material to notice more than two of the errors assigned, which are : First.  That the verdict and judgment are for the aggregate value of the slaves.  Second.  That the evidence does not support the declaration.  The declaration contains two counts.  In the *queritur* the plaintiff calls himself administrator, &c., of Polk.  In the first count he states his cause of action thus : For that whereas, said Polk, &c., in his life time, on 1st Jan., 1803, at, &c., was lawfully possessed, as of his own right and property, of certain goods and chattels, &c., and being possessed thereof, the said Polk afterwards, to-wit : on, &c., at, &c., casually lost the said, &c., and the same, &c., on the 10th June, 1826, came into the possession of said Melton by finding.  The second count states the cause of action as the first did, except that the birth of some children, descended from two of the slaves, is alledged to have taken place between the 1st of January, 1803, and the 10th June, 1826, and both counts then deny that the slaves were restored to the intestate in his life time, or to the administrator since the death of the intestate.

To maintain this action for goods, the plaintiff must have the right of property in himself, and the immediate right of possession.  The gist of the action is the wrong-
(46) ful detainer, and not the original taking.  See 1 *Chitty,* 121–2, and authorities there cited.  In the statement of his cause of action, it must be shown that the goods, &c., were the plaintiff's, either by words " of the plaintiff," or that he was possessed of the goods, &c., or the omission will be fatal, even after verdict, the objection be-

*See next case.

Melton *v.* M'Donald.

ing the want of title, and not a title defectively stated. 1 *Chitty* 367, and cases there cited. But when the right of action accrues to the intestate in his life time, and the admihistrator wishes to sue in the right of the intestate, then he must show property in such intestate, and a wrongful detainer in his life time; then averring the death of the intestate and his own appointment as administrator, he shows his right to a re- covery. This plaintiff has chosen here to show property in the intestate.

The proof is, that in 1807 or 8, Polk died possessed of these slaves, except those born since his death; that in a few weeks after his death, the widow removed from Kentucky, where he died, to St. Louis county, and married one Chapman, from which marriage came the wife of Melton, as whose portion Melton received by her father's will, these slaves. Polk being dead many years before Melton had possession of these slaves, could never have had, on account of such possession and detainer, any right of action against him; and it is in vain that the declaration shows the slaves to have been lost several years before Pogue's death; the testimony does not bear it out; and the action must be brought in the right of him against whom there was a wrong- ful detainer. M'Donald had no election to make, there being no detainer against his intestate; it is in vain that he resorts to fiction, by stating that Polk or Pogue lost in his life time. He should have stated, as he has proved, that he (the administrator) was possessed as of his own right and property of, &c., and lost them—the losing certainly is fiction, but the right to the property is such a right as must be proved, and could, under the decision of this Court, have been proved, for so soon as he took out letters of administration, he became vested with a right to all the property found in this State, of which Polk had the right at the time of his death—and having the right of property coupled with an immediate right of possession, he had a right to feign a possession in himself for the purpose of maintaining this action. It is not (47) sufficient that he has stated the possession to be in his intestate, for even had he averred the death of Polk, (which has not been done,) he could only have made out his right of property by argument, and the rules of pleading requires that facts must be stated clearly and distinctly. See 1 *Chitty*, 236. Had a right of action accrued for a promise to pay money to the intestate, in his life time, there could have been no election left to the administrator, he would have been compelled to bring his action in the right of the intestate, and then the promise must have been stated, and proved to have been made to the intestate; and proof of a promise made to the administra- tor, would not have supported a count on a promise to the intestate. *Starkie,* part 4th and vol. 2, p. 541, and authorities cited.

But when there is a wrongful detainer against the intestate in his life time, which is continued against the administrator, he may make his election to sue in the right of the intestate, or in his own right; if he elect to sue in the right of the intestate, he must produce proof of a wrongfnl detainer from the intestate; but if he elect to sue in his own right, and prove a detainer from himself, then he must, in his declara- tion, show a right of property in himself, either by the words "of the plaintiff, or that he was possessed of the goods, &c." What may be the consequence of the first error assigned, it is not material to decide now. The authority cited (10 *Co. Rep.,* 119,) shows that if no value is found, the defect cannot be supplied by a writ of in- quiry: but here the aggregate value is found, and there are authorities that the defect in such cases may be supplied by a writ of inquiry. We are, therefore, willing to leave this to be decided when it shall be more minutely investigated by counsel, than it has been in this case. The declaration is not supported by the evidence, and

the Circuit Court should so have instructed the jury, when requested by the defendant.

The judgment is, therefore, reversed, and the cause remanded for further proceedings in conformity with this opinion.

